IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHEN GOODMAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 22-1075-RGA |
| | : | |
| ROBERT MAY, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

---

Stephen Goodman, *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

January 30, 2024
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Stephen Goodman is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. He filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 8), which the Court granted after considering Petitioner's Response (D.I. 14). (*See* D.I. 19) Petitioner filed an additional Reply Brief opposing the State's Motion to Dismiss. (D.I. 21) The Court now grants the State's Motion to Dismiss (D.I. 20), and dismisses the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.     BACKGROUND

In December 2017, Petitioner stole a car and, while traveling at approximately 90 miles-per-hour, crashed into another vehicle. *See State v. Goodman*, 2021 WL 1690028, at *1 (Del. Super. Ct. Apr. 29, 2021). The two occupants of the other vehicle died as a result of the crash. *See id.*

In November 2018, Petitioner pled guilty by information to one count each of manslaughter, first-degree reckless endangering, driving under the influence ("DUI") of marijuana, and theft of a motor vehicle. (D.I. 9-1 at Entry Nos. 10, 11; D.I. 9-3 at 20-21; D.I. 20 at 1) On March 8, 2019, the Superior Court sentenced Petitioner as follows: (1) as a habitual offender to 25 years at Level V for the manslaughter conviction; (2) to 60 days at Level V for the DUI conviction; (3) to five years at Level V, suspended for two years of probation, for the first-degree reckless endangering conviction; and (4) to two yeas at Level V, suspended for one year of probation, for the theft of a motor vehicle conviction. (D.I. 9-6) Petitioner did not appeal his convictions or sentence.

On December 12, 2020, Petitioner filed in the Superior Court a Rule 35(a) motion for correction of illegal sentence, which the Superior Court denied on April 29, 2021. (D.I. 9-7); s*ee Goodman*, 2021 WL 1690028, at *1. The Delaware Supreme Court affirmed that judgment on August 19, 2021. *See Goodman v. State*, 259 A.3d 61 (Table), 2021 WL 3701155, at *1 (Del. Aug. 19, 2021).

In August 2022, Petitioner filed a § 2254 Petition in this Court, asserting three grounds for relief: (1) he did not enter his guilty plea knowingly and voluntarily because he was mentally ill and heavily medicated at the time of the plea colloquy; (2) his 2007 federal conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) was improperly used as a second "violent felony" to have him declared a habitual offender as to the manslaughter offense; and (3) defense counsel provided ineffective assistance by proceeding with a guilty plea without investigating the issue of Petitioner's mental illness and by failing to challenge the Superior Court's determination that Petitioner was a habitual offender. (D.I. 3; *see* D.I. 9-3 at 3) The State filed a Motion for Leave to File a Motion to Dismiss the Petition as time-barred, to which Petitioner filed a Response in opposition. (D.I. 8; D.I. 14) The Court granted the State's Motion for Leave to File a Motion to Dismiss. (D.I. 19) Petitioner filed an additional Reply Brief in opposition. (D.I. 21) The Petition and the State's Motion to Dismiss (D.I. 20) are ready for review.

## II.    ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court cannot see, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Therefore, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A); *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Superior Court sentenced Petition on March 8, 2019, and he did not file a direct appeal. Consequently, Petitioner's judgment of conviction became final on April 8, 2019, the day on

which the thirty-day appeal period expired.[1] Applying the one-year limitations period to that date, Petitioner had until April 8, 2020, to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date of the triggering event of the limitations, namely, the date of finality). Petitioner, however, did not file the instant Petition until August 15, 2022,[2] approximately two years and four months after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-

---

[1] The thirty-day filing period actually expired on a Sunday (April 7, 2019). Therefore, the appeal period extended through the end of Monday, April 8, 2019. *See* Del. Supr. Ct. R. 11(a).

[2] Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). Here, the Petition is dated August 15, 2022, Petitioner asserts that he had the Petition "hand delivered to the court" (D.I. 1 at 9), the Petition is time stamped "August 16, 2022 12:14 pm" (D.I. 1 at 1), and the Petition was docketed on August 16, 2022. Since the Petition was not given to prison officials for mailing but, rather, was hand delivered to the Court, it appears that the Petition was actually filed on August 16, 2022, the date indicated in the Clerk's time-stamp. Nevertheless, the Court will adopt August 15, 2022 – the date Petitioner signed the Petition – as the date of filing, because the one day difference does not affect the Court's determination that the Petition is time-barred.

conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The limitations clock started to run on April 9, 2019, and ran the entire limitations period without interruption until the limitations period expired on April 8, 2020. Petitioner's Rule 35(a) motion, filed on December 12, 2020, does not toll the limitations period because it was filed after the limitations period had expired. Accordingly, the instant Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal

connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

Petitioner contends that his mental illness constitutes an extraordinary circumstance warranting equitable tolling because his mental illness impacted his "autonomy interest" and the knowing, intelligent, and voluntary nature of his guilty plea. (*See* 14 at 2; D.I. 21 at 1-3) Petitioner's argument is unavailing. "[M]ental incompetence is not a *per se* reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). Petitioner asserts that he was "mentally ill at time of criminal action, and during plea colloquy and sentencing,"[3] but does not allege that he suffered from mental health issues during the relevant limitations period – April 9, 2019 through April 8, 2020. Given Petitioner's failure to demonstrate a causal connection between his mental illness and the untimely filing of the instant Petition, the Court concludes Petitioner's mental illness does not constitute an extraordinary circumstance triggering equitable tolling. *Wallace*, 2 F.4th at 148.

Petitioner also asserts that the "lack of legal assistance" warrants equitable tolling (D.I. 21 at 4) and, based on his citation to *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court construes Petitioner's complaint to be about his lack of legal representation during the post-conviction stage. (D.I. 3 at 9) The argument is unavailing. In *Martinez,* the Supreme Court held that inadequate assistance or the absence of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective

---

[3](D.I. 1 at 2; D.I. 3 at 1-2, 5; *see also* D.I. 14 at 1-3)

assistance of trial counsel. *Id.* at 12, 16-17. In order to obtain relief under *Martinez*, a petitioner must demonstrate that the state did not appoint counsel in the initial-review collateral proceeding, that the underlying ineffective assistance of trial counsel claim is substantial, and that petitioner was prejudiced. *Id.* at 14-17. *Martinez* does not aid Petitioner in his quest for tolling in this case because: (1) he did not raise an ineffective assistance of trial counsel claim during his state collateral proceeding; and (2) the *Martinez* decision does not impact a petitioner's obligation to comply with AEDPA's limitations period. *See Puller v. Pierce*, 2016 WL 286753, at *4 (D. Del. May 16, 2016).

And finally, to the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F.4th at 150-151. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623034 (1998). A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. The Supreme Court and the Third Circuit have not defined "new evidence" in the context of the actual innocence gateway. Although the Third Circuit has "suggested that new evidence

generally must be newly discovered" and "unknown to the defense at the time of trial," this definition of "new evidence" does not apply when the "underlying constitutional violation claimed is ineffective assistance of counsel premised on a failure to present such evidence." *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018). Instead, "when a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] actual innocence gateway." *Reeves*, 897 F.3d at 164.

Although Petitioner does not explicitly allege that he is actually innocent, the Court liberally construes Petitioner's argument that he was mentally ill when he committed the crimes and when he entered his guilty plea as an attempt to trigger the actual-innocence equitable exception to AEDPA's limitations period. Even with this liberal construction, Petitioner's argument is unavailing. Petitioner's contention that his mental illness prevented him from forming the requisite "*mens rea*" (D.I. 3 at 1) and "criminal intent" for his crimes of conviction (D.I. 3 at 6 n.1) fails to establish a gateway claim of actual innocence, because: (1) he does not provide any new reliable evidence of his mental illness; and (2) he pled guilty to driving while under the influence of marijuana (D.I. 9-3 at 20), which seemingly precludes Petitioner from demonstrating actual innocence due to his mental illness because Delaware does not view voluntary intoxication as a defense to a criminal charge.[4] *See* 11 Del. Code Ann. § 401(c)

---

[4]Petitioner's version of events appears to present a defense of voluntary intoxication. He asserts that he was admitted to the Rockford Center (a mental health facility) one month before he committed the crimes at issue for "complications surrounding his mental health." (D.I. 3 at 5) Petitioner describes how the medications prescribed by the Rockford Center "were ill-effective" after his discharge, which caused him "to self-medicate with illegal narcotics and other street drugs, which only made matters worse." (*Id.* at 6) He further asserts that, on December 22,

8

(2017) ("It shall not be a defense under this section if the alleged insanity or mental illness was proximately caused by the voluntary ingestion, inhalation or injection of intoxicating liquor, any drug or other mentally debilitating substance, or any combination thereof."); *Wallace*, 2 F.4th at 154-55. Petitioner's allegation of incompetency to enter a guilty plea also does not state a claim of actual innocence for purposes of the actual innocence gateway exception, because a petitioner's mental state at the time of a guilty plea does not bear on his mental state at the time of the crime. *See Williams v. Covello*, 2021 WL 6551280, at *7 n. 7 (C.D. Cal. Dec. 15, 2021) (collecting cases).

Given these circumstances, the Court concludes that Petitioner has not presented a gateway claim of actual innocence sufficient to excuse his untimely filing. Accordingly, the Court will grant the State's Motion to Dismiss the Petition

### III.   CERTIFICATE OF APPEALABILITY

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not

---

2017, he went to Wilmington Hospital in a "manic, disoriented, suicidal, and imperiled" state, presumably caused by his "self-medication." (*Id.*) In his own words, Petitioner states: "Within hours [of being released from Wilmington Hospital], and on December 23, 2017, [he] stole his cousin's vehicle, and drove erratically throughout the town(s) until causing the accident that led to the victims' death in this case." (*Id.*)

9

issue a certificate of appealability.

## IV.   CONCLUSION

For the reasons discussed, the Court will deny the instant Petition as time-barred without holding an evidentiary hearing or issuing a certificate of appealability. An appropriate Order will be entered.